**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JODIE L. HOCKER, | : | |
|     Plaintiff, | : | |
| | : | Civil Action No. 1:09-cv-00973 |
| v. | : | (Chief Judge Kane) |
| | : | |
| CITIMORTGAGE, INC., <u>et al.</u>, | : | |
|     Defendants | : | |

<u>**MEMORANDUM**</u>

Presently pending before the Court are motions to dismiss filed by Defendant

CitiMortgage, Inc. ("CitiMortgage") (Doc. No. 98), and Defendants John E. Deardorff, Jr. and

Lisa Deardorff ("the Deardorffs") (Doc. No. 100). The motions have been fully briefed and are

ripe for disposition. For the reasons that follow, the Court will grant CitiMortgage's motion and

deny the Deardorffs' motion, except with respect to the claim raised against Lisa Deardorff in the

tenth count of Plaintiff's amended complaint.

**I.    BACKGROUND**

According to Plaintiff Jodie L. Hocker's amended complaint, this case arises from a

housing fraud scam operated by individuals who targeted homeowners facing the loss of their

homes. Plaintiff's home was scheduled to be sold at a sheriff's sale in December 2007. (Doc.

No. 56 ¶ 17.) On October 31, 2007, three individuals, including Defendants James Deardorff and

Joanne Seeley, came to Plaintiff's home to notify her of a program, which was purported to assist

her with her financial difficulties and allow her to keep her home. (<u>Id.</u> ¶¶ 18, 20.) Seeley

explained that they could help Plaintiff with her financial problems by refinancing her home and

finding her work that would provide more than enough income to make new monthly payments.

1

(Id. ¶¶ 20-22.)  At a settlement conference held on November 30, 2007, Plaintiff signed several

documents, including a deed of her home to the Deardorffs.  (Id. ¶¶ 28-32.)  The settlement also

included a mortgage and note issued by CitiMortgage to the Deardorffs.  (Id. ¶ 30.)  Plaintiff

asserts that she was not given time to review the documents before signing them and that she

believed that she was only refinancing her home.  (Id. ¶¶ 33, 35.)

     In July 2008, Plaintiff realized that she had signed a deed conveying title of her home to

the Deardorffs.  (Id. ¶ 49.)  On July 28, 2008, Plaintiff met with James Deardorff and Lawrence

Massey, a realtor working as a collection agent for Deardorff and Seeley.  (Id. ¶¶ 50, 52, 62.)

During this meeting, Deardorff and Massey informed Plaintiff, who was behind on her monthly

payments, that she had until August 15, 2008 to accept a $500 payment and "get out of the

house."  (Id. ¶ 51.)  Plaintiff indicated that she would not be able to leave the house by that date.

(Id. ¶¶ 64, 69.)  Plaintiff has had no further contact with any of the Defendants, but agents of

CitiMortgage have left notices on Plaintiff's door addressed to James Deardorff.  (Id. ¶¶ 83-84.)

     Plaintiff initiated this lawsuit by filing a complaint on May 22, 2009.  (Doc. No. 1.)  On

October 23, 2009, Plaintiff filed an amended complaint in which she brings a litany of claims

against fifteen defendants.  (Doc. No. 56.)  On September 20, 2011, CitiMortgage filed a motion

to dismiss the claims stated against it in the first, second, fourth, ninth, and fourteenth counts of

Plaintiff's amended complaint.  (Doc. No. 98.)  These five counts represent the only claims

pending against CitiMortgage.  CitiMortgage supported its motion with a brief in support.  (Doc.

No. 99.)  On September 30, 2011, the Deardorffs filed a motion to dismiss the claims stated

against them in the sixth, eighth, tenth, and eleventh counts as well as the claims stated against

John Deardorff in the twelfth and thirteenth counts.  (Doc. No. 100.)  These six counts represent

the only claims pending against the Deardorffs.  The Deardorffs supported their motion with a

brief in support.  (Doc. No. 101.)  Plaintiff failed to respond to either motion.  On October 19,

2011, and November 2, 2011, the Court ordered Plaintiff to show cause why the motions to

dismiss should not be granted.  (Doc. Nos. 102, 105.)  Plaintiff responded on October 27, 2011,

and November 8, 2011, with requests that the Court either grant her additional time to file briefs

in opposition or to find substitute counsel.  (Doc. Nos. 103, 106.)  On November 22, 2011, the

Court ordered Plaintiff to file briefs in opposition on or before November 28, 2011.  (Doc. No.

107.)  On December 1, 2011, after Plaintiff filed insufficient "responses" to the motions to

dismiss (Doc. Nos. 108, 109), the Court once again ordered Plaintiff to file briefs in opposition

by December 8, 2011 (Doc. No. 110).  Ultimately, Plaintiff filed an untimely brief in opposition

to CitiMortgage's motion on December 9, 2011 (Doc. No. 111), and an untimely brief in

opposition to the Deardorffs' motion on December 15, 2011 (Doc. No. 114).  CitiMortgage filed

a reply brief on December 19, 2011.  (Doc. No. 115.)

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court

may "consider only the allegations in the complaint, exhibits attached to the complaint, matters

of public record, and documents that form the basis of a claim."  Lum v. Bank of Am., 361 F.3d

217, 221 n.3 (3d Cir. 2004).  The motion will only be properly granted when, taking all factual

allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a

matter of law.  Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on

the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d

Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient

information to outline the elements of his claim or to permit inferences to be drawn that those

elements exist."  <u>Kost</u>, 1 F.3d at 183 (citations omitted).  A court, however, "need not credit a

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  <u>Morse</u>

<u>v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Indeed, the United States

Supreme Court has held that while the 12(b)(6) standard does not require "detailed factual

allegations," there must be a "'showing,' rather than a blanket assertion of an entitlement to relief

. . . . [F]actual allegations must be enough to raise a right to relief above the speculative level.'"

<u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting <u>Bell Atlantic Corp.</u>

<u>v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Put otherwise, a civil complaint must "set out

'sufficient factual matter' to show that the claim is facially plausible."  <u>Fowler v. UPMC</u>

<u>Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)).

**III.   DISCUSSION**

CitiMortgage and the Deardorffs urge this Court to dismiss all counts Plaintiff raises

against them.  Specifically, CitiMortgage has moved to dismiss the following claims raised in

Plaintiff's amended complaint: (1) violations of the Real Estate Settlement Procedures Act

("RESPA"); (2) negligent misrepresentation; and (3) negligence.  The Deardorffs have moved to

dismiss the following claims raised in the amended complaint: (1) violations of Pennsylvania's

Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and (2) multiple claims of

fraudulent misrepresentation.  The Court will address each claim in turn.

**A.      Claims Against CitiMortgage**

1.      *Claims Under Section 2607 of RESPA*

In the first and second counts of her amended complaint, Plaintiff makes claims against CitiMortgage under Section 2607 of RESPA, which prohibits fees or kickbacks for referrals made pursuant to real estate settlements involving federally related mortgage loans.  12 U.S.C. § 2607.  Plaintiff then makes a series of allegations that relate to the settlement conference that occurred on November 30, 2007, when Plaintiff met with Defendants Seeley and James Deardorff.  Plaintiff alleges that Seeley, who was acting as an agent of CitiMortgage, agreed in a HUD-1 settlement that Plaintiff was to receive specified funds.  (Doc. No. 56 ¶¶ 88, 98.)  However, Plaintiff never received any agreed-to funds.  (Id. ¶¶ 89, 100.)

CitiMortgage contends that Plaintiff's claims under Section 2607 are barred by the statue of limitations.  (Doc. No. 99 at 5-7.)  Claims brought under Section 2607 are subject to a one-year statute of limitations, which begins to run on the date of the occurrence of the violation.  12 U.S.C. § 2614.  Though a statute of limitations defense generally cannot be raised by way of a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, an exception known as the "Third Circuit Rule" permits this when the statute of limitations bar is apparent on the face of the complaint.  Benak ex rel. Allicane Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006).  CitiMortgage argues that the one-year statute of limitations bars all of Plaintiff's claims under Section 2607 because neither Plaintiff's amended complaint nor her first complaint were filed within one year of the November 30, 2007 settlement conference.  (Doc. No. 99 at 6.)  Plaintiff does not dispute that the limitations bar is apparent on the face of the complaint or that these claims were not raised within the one-year statute of limitations; rather, she asserts that she is entitled to equitable tolling.  (Doc. No. 111 at 6-9.)

Equitable tolling "steps in to stop" the statute of limitations clock once accrual has

occurred when the plaintiff does not have sufficient knowledge of the facts supporting her cause

of action due to one of three limited circumstances: "(1) where the defendant has actively misled

the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some

extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff

has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbien,

Sedran & Berman, 38 F.3d 1380,1386, 1390 (3d Cir. 1994). For the defendant to have actively

misled the plaintiff respecting her cause of action, the defendant's acts or omissions must have

caused the plaintiff to forego prompt attempts to vindicate her rights. Miller v. Beneficial Mgmt.

Corp., 977 F.2d 834, 845 (3d Cir. 1992). Equitable tolling is to be used rarely, and the party

seeking equitable tolling has the burden of demonstrating that she has "exercised reasonable

diligence in investigating and bringing [the] claims." Miller v. N.J. Dep't of Corrections, 145

F.3d 616, 618-19 (3d Cir. 1998).

Plaintiff appears to assert that she is entitled to equitable tolling because CitiMortgage

"perpetrat[ed] a misrepresentation" by failing to directly inform her that the "true point of their

contract," which Plaintiff signed on November 30, 2007, "was to take the house from her" and

because CitiMortgage "did not possess the right to file a mortgage against" Plaintiff's house.

(Doc. No. 111 at 8.) Even accepting Plaintiff's allegations as true, Plaintiff has failed to meet her

burden of establishing equitable tolling because she has made no argument as to how she was

reasonably diligent in investigating and bringing the instant claims against CitiMortgage. In the

exercise of reasonable diligence, Plaintiff should have read and assessed each of the documents

that she signed on November 30, 2007 – either on that date or shortly after. Had she done so,

Plaintiff would have discovered her alleged injuries and their causes well within the one-year

statute of limitations.  The Court finds that Plaintiff has not met her burden of proving that she is entitled to equitable tolling and, therefore, will grant CitiMortgage's motion to dismiss with respect to the first and second counts of the amended complaint.

2.    *Claim Under Section 2603 of RESPA*

In the fourth count of the amended complaint, Plaintiff makes a claim against CitiMortgage under 12 U.S.C. § 2603(a).  (Doc. No. 56 at 19-21.)  CitiMortgage contends that this claim must be dismissed because RESPA does not provide a private right of action for violations of Section 2603.  (Doc. No. 99 at 7.)  Plaintiff makes no legal argument that persuades the Court to make a contrary finding.  See, e.g., Bloom v. Martin, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994), aff'd 77 F.3d 318 (9th Cir. 1996).

Further, Plaintiff has actually alleged a violation of a criminal statute, 18 U.S.C. § 1010, not a violation of Section 2603.[1]  Section 1010 forbids the use of counterfeit paperwork to obtain a loan from the Department of Housing and Urban Development.  (Doc. No. 56 ¶ 120.) However, Section 1010 does not provide a private right of action, and Plaintiff has not made any argument that such a right exists.  See Belle v. First Franklin, No. 08-11465, 2010 WL 3488658, at *4 (E.D. Mich. Sept. 3, 2010) ("Plaintiffs have not established that . . . [Section 1010] creates a private cause of action upon which a plaintiff may rely in civil litigation."); Johl v. Johl, 556 F. Supp. 5, 7 (D. Conn. 1981) ("It is clear that [Section 1010] cannot serve to provide the plaintiff, a private citizen, with a cause of action in this civil case.").

---

[1] Plaintiff quotes Section 2603(a)'s requirement that all costs be listed on the standard closing form, but she fails to allege that particular costs were not included in the closing form. Rather, she asserts that the value of her house was inflated and that CitiMortgage "did not examine the totality of the paperwork in the transaction to obtain the information that the house was being resold . . . at inflated amounts."  (Id. ¶¶ 123, 128.)

Even if Plaintiff alleged a violation of RESPA, Plaintiff's claim would still fail because "RESPA only authorizes suits by individuals who receive a loan accompanied by a kickback or unlawful referral." Alston v. Countrywide Fin. Corp., 585 F.3d 753, 763 (3d Cir. 2009); see also In re Carter, 553 F.3d 979, 989 (6th Cir. 2009) ("RESPA does not authorize suits by members of the public at large; it authorizes suits only by individuals who receive a loan that is accompanied by an unlawful referral, which is plainly an individualized injury."). Here, Plaintiff does not allege that she received a loan from CitiMortgage. Accordingly, the Court must grant CitiMortgage's motion to dismiss with respect to the fourth count of the amended complaint.

### 3.    *Negligent Misrepresentation and Negligence*

In the ninth and fourteenth counts of her amended complaint, Plaintiff alleges that CitiMortgage is liable for negligent misrepresentation and negligence. (Doc. No. 56 at 28-30, 39-42.) To prevail on either claim, a plaintiff must allege, inter alia, that a defendant owed the plaintiff a duty recognized by law. See Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 771 (3d Cir. 2009); McCandless v. Edwards, 908 A.2d 900, 903 (Pa. Super. Ct. 2006), allocator denied, 923 A.2d 1174 (Pa. 2007). CitiMortgage argues that Plaintiff has failed to make any allegation that CitiMortgage owed Plaintiff any duty recognized by law. (Doc. No. 99 at 9-11.) According to the amended complaint, the Deardorffs took out the CitiMortgage mortgage, not Plaintiff. As a result, the Court finds that Plaintiff has pled no facts establishing that CitiMortgage had a relationship with Plaintiff or owed her a duty. Plaintiff's allegations that Seeley acted as an agent of CitiMortgage are devoid of any factual allegations to support such a theory of liability. See Williams v. Rene, 72 F.3d 1096, 1099 (3d Cir. 1995) (stating that a principal is responsible for the negligence of its servants "that occurs within the course and scope of their employment").

Plaintiff has not provided any legal argument to the Court that would establish any duty on the part of CitiMortgage.[2]  Therefore, Plaintiff's claims of negligent misrepresentation and negligence must be dismissed.

**B.      Claims Against the Deardorffs**

At the outset, the Court will address the Deardorffs' request that the Court dismiss the instant action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Doc. No. 101 at 8.)  The Deardorffs assert that dismissal of the action is warranted because all of Plaintiff's federal law claims fail as a matter of law and, as a result, the Court need not exercise jurisdiction over the remaining state law claims.  Specifically, the Deardorffs argue that Plaintiff's RESPA claims are either time barred or fail as a matter of law, and that Plaintiff's claim under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against Defendant Massey should be dismissed because Plaintiff has failed to either prosecute this claim or allege facts in support of this claim.  (Doc. No. 101 at 5-8.)  Although the Court will grant CitiMortgage's motion to dismiss the RESPA claims raised against it, Plaintiff has raised RESPA claims against five other named Defendants, none of whom have moved to dismiss the claims.  Further, Defendant Massey has not moved to dismiss the FDCPA claim that Plaintiff raises against him. Therefore, at this juncture, the Court will deny the Deardorffs' request that the Court dismiss the action pursuant to Rule 41(b) and will address the Deardorffs' motion on the merits.

---

[2] Plaintiff claims that the argument that CitiMortgage owes no duty to Plaintiff "is simply preposterous" because CitiMortgage "used Defendants Seeley, Crissman, and Meritage as its agent[s]" to record the deed and pay off the original mortgage.  (Doc. No. 111 at 11.)  The Court notes that although Plaintiff's brief contains many statements of law, several of which appear to have been copied and pasted from other sources with no alteration whatsoever, Plaintiff has failed to support her contention that CitiMortgage's argument is "preposterous" with anything more than a series of conclusory statements.

9

1.    *UTPCPL Claims*

In the sixth and eighth counts of the amended complaint, Plaintiff raises claims against

the Deardorffs under Pennsylvania's UTPCPL.  Section 201-9.2 of Pennsylvania's UTPCPL

states that:

> Any person who purchases or leases goods or services primarily for
> personal, family or household purposes and thereby suffers any
> ascertainable loss of money or property, real or personal, as a result
> of the use or employment by any person of a method, act or practice
> declared unlawful by section 3 of this act, may bring a private action
> to recover actual damages or one hundred dollars ($100), whichever
> is greater.

73 Pa. Stat. § 201-9.2(a).  In other words, a claimant under section 201-9.2 must have "suffered

an ascertainable loss as the result of an unfair or deceptive act, but also must be a person who

made a purchase, primarily for personal, family or household purposes."  Valley Forge Towers

South Condominium v. Ron-Ike Foam Insulators, Inc., 574 A.2d 641, 645 (Pa. Super. Ct. 1990)

(quoting 73 Pa. Stat. § 201-9.2(a)) (internal quotation marks and colon omitted).

In the sixth count, Plaintiff raises a claim against the Deardorffs under Section 201-

2(4)(v) and, in the eighth count, raises a claim against them under Section 201-2(4)(ix).  Sections

201-2(4)(v) and 201-2(4)(ix) define "unfair methods of competition" and "unfair or deceptive

acts or practices" as "[r]epresenting that goods or services have sponsorship, approval,

characteristics, ingredients, uses, benefits or quantities that they do not have" and "[a]dvertising

goods or services with intent not to sell them as advertised," respectively.  73 Pa. Stat. §§ 201-

2(4)(v), (ix).  Plaintiff alleges that the Deardorffs violated Sections 201-2(4)(v) by representing

that they would provide her with "services including refinancing her home . . . , paying off all her

debt, allowing her to remain in her home, offering her work and allowing her to have her

property back" and violated Section 201-2(4)(ix) by advertising "that they would provide consumer protection and credit counseling services."  (Doc. No. 56 ¶¶ 145, 156.)

In support of their motion to dismiss the sixth and eighth counts, the Deardorffs argue that because Plaintiff alleges that the individuals who approached her on October 31, 2007, including James Deardorff, to discuss the refinancing of her house were acting as representatives of J&J Property Solutions, LLC, Plaintiff has failed to plead facts that the Deardorffs made any representations as to, or advertisements of, services that they would personally provide to Plaintiff.  (Doc. No. 101 at 17-18; see also Doc. No. 56 ¶ 19.)  Viewing the amended complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has made several allegations as to representations made by the Deardorffs, potentially in their personal capacities, regarding credit counseling and other services.  At this juncture, these allegations are sufficient to withstand the Deardorffs' motion to dismiss the sixth and eighth counts of the amended complaint.  Accordingly, the Deardorffs' motion to dismiss these counts will be denied.

### 2.    *Fraudulent Misrepresentation Claims*

The tenth, eleventh, twelfth, and thirteenth counts of Plaintiff's amended complaint are all premised on claims of fraudulent misrepresentation.  To state a claim for fraudulent misrepresentation under Pennsylvania law, Plaintiff's amended complaint must contain allegations of "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."  Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994).

11

The Deardorffs argue that Plaintiff's claims of fraudulent misrepresentation fail because Plaintiff did not plead the circumstances surrounding the basis of these claims with particularity. (Doc. No. 101 at 111.)  Rule 9(b) of the Federal Rules of Civil Procedure provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); <u>see also</u> <u>Frederico v. Home Depot</u>, 507 F.3d 188, 200 (3d Cir. 2007) (holding that Rule 9(b) requires "sufficient particularity to place the defendant on notice of the 'precise misconduct with which it is charged.'").

Here, Plaintiff alleges that the Deardorffs told her "that if she entered the credit counseling program, she would be able to get out of debt and keep her home."  (Doc. No. 56 ¶¶ 183, 208, <u>see also</u> <u>id.</u> ¶ 251.)  Similarly, she asserts that "the agreement from [D]efendants . . . superficially stated that by entering into the program, credit counseling services would be provided, the plaintiff's home would be safe from a sheriff's sale and the plaintiff could remain in her home."  (<u>Id.</u> ¶ 232.)  Plaintiff further alleges that this representation was made falsely, with the intent to induce reliance, and that it was actually and reasonably relied upon.  (<u>Id.</u> ¶¶ 183, 188-90, 208, 210, 212-14, 232-33, 235-38, 251-54.)  As such, the Court finds that Plaintiff has pled a viable claim for fraudulent misrepresentation as against the Deardorffs.  However, because the tenth count of Plaintiff's amended complaint does not contain any allegations regarding a representation made by Lisa Deardorff, the Court will grant the Deardorffs' motion to dismiss with respect to the claim Plaintiff raises against Lisa Deardorff in the tenth count.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant CitiMortgage's motion to dismiss and

deny the Deardorffs' motion to dismiss except with respect to the claim raised against Lisa

Deardorff in the tenth count of the amended complaint.  Further, the Court concludes that

granting Plaintiff's request for leave to file a second amended complaint would be futile.  An

order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JODIE L. HOCKER,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 1:09-cv-00973** |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **CITIMORTGAGE, INC., et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 20th day of January 2012, for the reasons set forth in the

accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1.   Defendant CitiMortgage, Inc.'s motion to dismiss (Doc. No. 98) is **GRANTED**, the
     claims raised against CitiMortgage, Inc. in the first, second, fourth, and fourteenth counts
     of Plaintiff's amended complaint are **DISMISSED WITH PREJUDICE**, and the Clerk
     of Court is directed to terminate CitiMortgage, Inc. from the case.

2.   Defendant James E. Deardorff, Jr. and Lisa Deardorff's motion to dismiss (Doc. No. 100)
     is **DENIED**, except with respect to the claim raised against Lisa Deardorff in the tenth
     count of the amended complaint.


                                        S/ Yvette Kane
                                        Yvette Kane, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania

14