## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JODIE L. HOCKER,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 1:09-cv-00973** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **CITIMORTGAGE, INC., et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

Plaintiff Jodie L. Hocker filed a complaint in this action on May 22, 2009 (Doc. No. 1) and an amended complaint on October 23, 2009 (Doc. No. 56). On January 20, 2012, the Court granted a motion to dismiss filed by Defendant CitiMortgage, Inc. and denied a motion to dismiss filed by Defendants James E. Deardorff, Jr. and Lisa Deardorff ("the Deardorffs").[1] (Doc. No. 116.) As proof of service had not been filed with the Court with respect to Defendants Ellery Crissman and Allsource Mortgage ("Allsource"), the Court issued an order on March 7, 2012, directing Plaintiff to show cause why these Defendants should not be dismissed for failure to serve in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 121.) Plaintiff's counsel filed an untimely response, indicating that Defendants Crissman and Allsource had been properly served, were in default, and that she "will provide a copy of the service upon her return from election matters." (Doc. No. 122.) To date, proof of service has not been filed with the Court.

On May 16, 2012, the Court held a case management conference in which only Plaintiff's

---

[1] The Court notes that it did grant the Deardorffs' motion to dismiss with respect to the claim raised against Lisa Deardorff in the tenth count of the amended complaint. (Doc. No. 116.)

counsel and counsel for the Deardorffs, against whom Plaintiff has only raised state law claims, participated.  During the conference, the undersigned questioned counsel as to why their case management plan ignored all of the federal claims remaining in this action as well as the Defendants against whom the federal claims have been raised, namely, Defendants Crissman, Allsource, Joanne M. Seeley, Dawn M. Shughart, Lawrence B. Massey, II, and Meritage Settlement Services, LLC ("Meritage").  Plaintiff's counsel explained that the aforementioned Defendants were in default, that she had prepared a motion for entry of default against them, and that she did not object to litigating her claims against the Deardorffs in state court.  Plaintiff's counsel then requested leave to file the motion for entry of default – which she represented that she had already drafted – on or before May 21, 2012.  The undersigned granted this request. Plaintiff's counsel, however, failed to file the motion for entry of default by May 21, 2012. Accordingly, the Court issued an order directing Plaintiff to show cause on or before May 31, 2012, why this action should not be dismissed for Plaintiff's failure to prosecute her claims. (Doc. No. 126.)  To date, Plaintiff has not responded to the order.  For the reasons that follow, the Court will dismiss this action.

District courts have the inherent power to dismiss an action for failure to prosecute <u>sua sponte</u>. <u>Chambers v. NASCO, Inc.</u>, 50 1U.S. 32, 44 (1991).  Nevertheless, because of the severity of a dismissal sanction, district courts should provide a plaintiff with an opportunity to explain her reasons for failing to prosecute her action or comply with court orders prior to dismissing a case <u>sua</u> <u>sponte</u>.  <u>Briscoe v. Klaus</u>, 538 F.3d 252, 258 (3d Cir. 2008).  After a plaintiff is given this opportunity, the United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice
> to the adversary caused by the failure to meet scheduling orders and
> respond to discovery; (3) a history of di latoriness; (4) whether the
> conduct of the party or the attorney was willful or in bad faith; (5) the
> effectiveness of sanctions other than dism issal, which entails an
> analysis of alternative sanctions; and (6) the meritoriousness of the
> claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).

None of these factors is dispositive, and "[e]ach factor need not be satisfied for the trial court to

dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the

factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of

dismissal . . . is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

First, with respect to Plaintiff's personal responsibility, the Court finds that Plaintiff's

counsel, Ms. Margaret M. Stuski, is primarily responsible for the failure to comply with the

Court's orders or otherwise prosecute the instant action. Plaintiff, however, cannot be totally

devoid of responsibility solely because she is represented by counsel in this action. See Poulis,

747 F.2d at 868. While the Court may excuse a plaintiff's ignorance of the Federal Rules of

Civil Procedure, the Court notes that, in this case, a reasonably diligent plaintiff would have

taken steps to either ensure that her attorney was actively pursuing this litigation or to retain new

counsel if her attorney was not willing or able to do so. Further, the Court notes that, despite

filing an amended complaint in this action over two-and-a-half-years ago (Doc. No. 56), no proof

of service has been filed with the Court as to Defendants Crissman and Allsource.

Second, the Court will address the prejudice to Defendants caused by Plaintiff's failure to

prosecute her claims. "Generally, prejudice includes the irretrievable loss of evidence, the

inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or

3

costs imposed on the opposing party." <u>Briscoe</u>, 538 F.3d at 259 (internal quotation marks and citation omitted).  But "prejudice is not limited to 'irremediable' or 'irreparable' harm.  Prejudice also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." <u>Id.</u> (internal citations and quotation marks omitted).  The instant action has been pending for over three years, and neither Plaintiff nor Ms. Stuski has given any indication that – despite the failure of Defendants Crissman, Allsource, Seeley, Shughart, Meritage, and Massey to respond or defend in this action – Plaintiff plans to actively litigate the federal claims raised in her amended complaint.  Accordingly, the Court finds that this factor weighs in favor of dismissal.

Third, the Court will consider Plaintiff's history of dilatoriness before the Court. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent . . . tardiness in complying with court orders." <u>Id.</u> at 260.  Plaintiff's conduct in this litigation has not been acceptable.  In addition to filing untimely responses to the motions to dismiss filed by the Deardorffs and CitiMortgage, Inc., Plaintiff has taken virtually no action in this case and has failed to even attempt to comply with the Court's March 7, 2012 and May 24, 2012 orders, the latter of which warned her that failure to respond may result in this action being dismissed for failure to prosecute.  (Doc. Nos. 121, 126.)  Accordingly, the Court finds that Plaintiff's dilatoriness has been significant and weighs heavily in favor of dismissal.

With respect to the fourth factor, the Court must consider whether the conduct of Plaintiff or her counsel was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." <u>Id.</u> at 262.  The Court finds that the conduct of Plaintiff and Ms. Stuski demonstrates a willful disregard for the Court's directives and the opposing parties.  This factor,

4

therefore, weighs in favor of dismissal.

Regarding the fifth factor, the Court must consider whether alternative sanctions would be effective.  Because the Court "cannot envision a[n] [alternative] sanction" that would be effective in bringing about Plaintiff's compliance with Court orders in this action, the Court concludes that this factor weighs in favor of dismissal.  See id.

Finally, in determining whether a plaintiff's claims are meritorious, courts generally use the standard for a motion to dismiss for failure to state a claim.  Id. at 263.  Thus, a claim is deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff."  Id.  Plaintiff's federal claims appear to be facially meritorious; her amended complaint is forty-three pages in length, includes thirteen counts, and avers facts in support of each alleged violation.  (Doc. No. 56.)  Accordingly, this factor will weigh against dismissal of the action.

In balancing the Poulis factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered.  Briscoe, 538 F.3d at 263.  Instead, it is within this Court's discretion to balance these factors.  Id.  Upon weighing the factors, the Court finds that dismissal is warranted in this action.  In reaching this decision, the Court is especially mindful of the fact that Plaintiff has repeatedly failed to file proper briefs in opposition to motions in accordance with the Local Rules (Doc. Nos. 102, 105, 107, 110) or follow through with representations she made to the Court, both verbally and in written filings.  Further, she has made no effort to respond to the Court's show cause order warning her that failure to respond may result in the dismissal of this action.  (Doc. No. 126.)  The conduct of Plaintiff and Ms. Stuski, quite simply, indicates that they have no intention whatsoever of further pursuing

Case 1:09-cv-00973-YK   Document 127   Filed 06/04/12   Page 6 of 6

Plaintiff's federal claims.[2]  Because the Court will dismiss all remaining claims based on federal law, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

**ACCORDINGLY**, on this 4th day of June 2012 **IT IS HEREBY ORDERED THAT**:

1.    Plaintiff's claims against Defendants Joanne M. Seeley, Lawrence B. Massey, II, Dawn M. Shughart, Meritage Settlement Services, LLC, Ellery Crissman, and Allsource Mortgage are **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

2.    The remaining state law claims raised against Defendants James E. Deardorff, Jr. and Lisa Deardorff are **DISMISSED WITHOUT PREJUDICE** to Plaintiff bringing those claims in a court of competent jurisdiction; and

3.    The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2]  The Court notes that Ms. Stuski was counsel for plaintiffs in four similar cases, all of which were dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Angeloff v. Deardorff, No. 1:09-cv-02169, 2012 WL 47427 (M.D. Pa. Jan. 9, 2012); Dunkleberger v. Seeley, No. 1:10-cv-00081, 2012 WL 47995 (M.D. Pa. Jan. 9, 2012); Harris v. Deardorff, No. 1:09-cv-02171, 2012 WL 39094 (M.D. Pa. Jan. 9, 2012); Oldaker v. Seeley, No. 1:09-cv-02170, 2012 WL 37641 (M.D. Pa. Jan. 9, 2012).

6